Argued and submitted September 24, reversed and remanded November 4, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT MICHAEL BETCHER,
*Defendant-Appellant.*

Multnomah County Circuit Court
130749198; A155698

361 P3d 653

John Evans, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Elizabeth Daily, Deputy Public Defender, Office of Public Defense Services.

Michael S. Shin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

**LAGESEN, J.**

While driving home from a pub, defendant was involved in a collision with a Volkswagen microbus driven by Hutchinson. As a result of that collision, defendant was charged with, and convicted of, driving under the influence of intoxicants, ORS 813.010, reckless driving, ORS 811.140, assault in the fourth degree, ORS 163.160, and criminal mischief in the second degree, ORS 164.354. Defendant appeals the judgment of conviction, assigning error to the trial court's decision to permit the prosecutor to examine the officer who responded to the collision regarding the respective credibility of defendant and Hutchinson. We reverse and remand.

More than 30 years ago, the Oregon Supreme Court established a non-vouching rule. That rule prohibits the admission at trial of evidence of one witness's opinion about another witness's credibility: "[I]n Oregon a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth. We reject testimony from a witness about the credibility of another witness[.]" *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983).

In this case, the prosecutor pursued a line of questioning that did not conform to the non-vouching rule. She asked the responding officer to opine on the respective credibility of defendant and Hutchinson:

"[Prosecutor:]   You spoke to both drivers in the accident, correct?

"[Officer:]   I did, yes.

"[Prosecutor:]   Were their stories conflicting?

"[Officer:]   Yes.

"[Prosecutor:]   Did you find one—did you find one witness's account more credible than the other?"

Defendant recognized that the non-vouching rule prohibited that line of inquiry and objected: "Your Honor, I'm going to object. I think it's indirectly asking this witness to comment on the testimony of the other witnesses." Defendant also objected to the prosecutor's line of inquiry on an additional ground—that is, that the prosecutor was

attempting to elicit expert testimony that the officer was not qualified to give: "And again, I think she's trying to back door some accident reconstruction expert testimony, which it's—I mean, I don't know. But there hasn't been any evidence that this officer is qualified to give that."

Ruling on the objections, the trial court concluded:

"Well, since neither of you are—well, the officer qualified to make comments or opinions based on accidents as he's seen.

"But at a minimum the State can put in evidence relating what was observed and what people said in relation to it to that extent. But I agree, at least nobody has articulated they're an expert in reconstruction."

It is apparent from the record that the parties understood the court to have overruled defense counsel's objection under the non-vouching rule. Had the parties understood the court to have sustained the objection (or had the court thought that it had sustained the objection), what happened next would not have occurred. The prosecutor immediately repeated her question ("So my question was did you find one person's explanation of the accident more credible than the other?"), indicating that she understood the court to have authorized that line of inquiry. Defendant did not repeat his objection, and the court did not stop the line of inquiry, indicating that both the court and defendant understood the court to have allowed it. As a result, notwithstanding the non-vouching rule, the responding officer was permitted to testify that he found Hutchinson to be more credible than defendant and to explain why he found Hutchinson to be more credible than defendant. The officer noted that Hutchinson was able to give him a "clear statement" as to what had happened, whereas defendant was not, and that "talking with the victim, her explaining what happened, it seemed to make sense, like kind of just adding everything up together sort of led me to believe that the victim was giving a statement that was believable."

The trial court erred by admitting that testimony. Under Oregon's non-vouching rule, when one party seeks to elicit from a witness an opinion about another witness's

credibility, and the other party objects, a trial court must sustain that objection. *Middleton*, 294 Or at 438.

Does that error require reversal? At oral argument, the state did not dispute that the trial court erred. The state also conceded that the error ordinarily would be a reversible one. The state nonetheless argues that we should not reverse because, in the state's view, defendant did not adequately preserve the assigned error. The state points to the ambiguous quality of the trial court's ruling, arguing that the ambiguity suggests that the trial court either did not understand defendant's objection, or did not, in fact, overrule it. The state asserts that, to preserve the assigned error under such circumstances, defendant was required to object again after the prosecutor continued to ask for the officer's opinion as to whom he found more credible, or to otherwise seek clarification of the trial court's ruling.

We disagree with the state that defendant needed to take additional steps to preserve the assigned error. One of our primary reasons for requiring preservation of error is to ensure that the trial court is given an opportunity to consider and rule on a contention, thereby possibly avoiding the error, which can eliminate the need for an appeal. *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). Here, defendant's objection gave the trial court that opportunity. In particular, it gave the trial court the opportunity to stop a line of inquiry that was clearly prohibited by the non-vouching rule, avoiding the erroneous admission of vouching testimony. For that reason, we conclude that no further objections were required to preserve the assigned error for appeal.

As noted, the state acknowledged at oral argument that reversal is required if the assigned error is preserved. Our review of the record persuades us that that concession is well taken, and we accept it.

Reversed and remanded.